UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 1:19-cv-21893-XXXX

PERRY W. HODGES, as Personal Representative
of the Estate of NISHA SEJWAL, deceased

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

_____/

## COMPLAINT

**PLAINTIFF**, **PERRY W. HODGES, as Personal Representative of the Estate of NISHA SEJWAL**, deceased, by and through his undersigned counsel, sues the Defendant, **THE UNITED STATES OF AMERICA,** and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess $75,000.00, exclusive of costs, interest and attorney's fees and is otherwise within the jurisdictional limits of this court.

2. The Court has exclusive jurisdiction of this action against the Defendant, **THE UNITED STATES OF AMERICA,** pursuant to the Federal Tort Claims Act, 28 USC § 1346 (b) and 28 USC §§ 2671-2680, and under 28 USC § 1331.

3. At all times material hereto, the Plaintiff, **PERRY W. HODGES,** is a resident of Florida and is the appointed Personal Representative of the **Estate of NISHA SEJWAL,** deceased, and is entitled to bring this claim on behalf of the Estate and all survivors pursuant to the Florida Wrongful Death Act, Section 768.16 et seq.

4. At all times material herein, **CHHOTU RAM SEJWAL**, was the father of Decedent, **NISHA SEJWAL**.

5. At all times material herein, **SURESH,** was the mother of Decedent, **NISHA SEJWAL**.

6. The potential beneficiaries of the **Estate of NISHA SEJWAL**, are as follows:

    a. **The Estate of NISHA SEJWAL**;

    b. **CHHOTU RAM SEJWAL**, father of Decedent;

    c. **SURESH**, mother of Decedent.

7. On July 17, 2018, Decedent, **NISHA SEJWAL** (hereinafter "**NS**"), was a resident of Miami-Dade County, Florida.

8. At all times material, Defendant, **THE UNITED STATES OF AMERICA** (hereinafter "**Defendant**"), through its agency and/or instrumentality, the FEDERAL AVIATION ADMINISTRATION ("FAA"), was responsible for air traffic control services as it pertains to pilots operating under Visual Flight Rules ("VFR").

9. Venue is proper in the Southern District of Florida under 28 U.S.C. §§ 89(c),1391(e) and 1402(b) because a substantial part of the acts and/or omissions giving rise to the **Plaintiff's** claims occurred in the FAA's Tamiami Airport Traffic Control Tower located in Miami-Dade County, Florida.

* MONTERO LAW CENTER *
100 SE 6th Street, Fort Lauderdale, FL 33301* TEL (954) 767-6500 * FAX (954) 766-2690

10. On September 28, 2018, **Plaintiff** timely presented his administrative claims for damages to the FAA pursuant to the provisions of 28 U.S.C. § 2675. The FAA has made a final disposition of the claim, which claimant deems to be a final denial for purposes of 28 U.S.C. § 2675.

11. As set forth in said administrative claim, on July 17, 2018, Decedent **NS** was a student pilot, under the direct supervision of an FAA Designated Pilot Examiner, piloting a Piper PA-34-200, registration number N16281 ("**N16281**") and both were in communication with air traffic control as they prepared to depart Miami Executive Airport (TMB), Miami-Dade County, Florida.

12. At 16:52:21 UTC, the tower controller instructed Piper PA-34-200, N16281 to make a left turn after departure and to follow a Cessna aircraft (ADF9GC), that had departed runway 9 Left ahead of N16281.

13. The Piper PA-34-200, N16281 was en route to a training area northwest of the airport at or below an altitude of 2,000 feet to remain clear of the Miami Class B airspace.

14. Tamiami Airport Traffic Control Tower was authorized to issue traffic advisories to all aircraft in its Class D airspace as well as arriving aircraft that are landing at the Miami Executive Airport or other traffic that was a factor to aircraft in contact with the tower.

15. At approximately 16:57:14 UTC to 16 59:10 UTC on July 17, 2018, the respective position coordinates and altitude of **N16281** and N6428D were available and obvious to Tamiami Airport Traffic Control Tower.

16. N6428 was at an altitude at or below 2000 feet en route back from a training area.

17. At 1659:16 UTC, the pilot of Cessna 172N, N6428D contacted Tamiami Airport Traffic Control Tower.

18. At no time did Tamiami Airport Traffic Control Tower issue any traffic information and/or traffic alert to **N16281** or N6428D.

* MONTERO LAW CENTER *
100 SE 6th Street, Fort Lauderdale, FL 33301* TEL (954) 767-6500 * FAX (954) 766-2690

19. At no time did Tamiami Airport Traffic Control Tower advise/instruct **N16281** or N6428D to turn, to climb, and/or to avoid an impending collision.

20. At 16:59:30 **N16281** and N6428D were involved in a fatal mid-air collision; four persons lost their lives, including **NS**.

21. The FAA is an agency of the United States Department of Transportation and through its officers, employees and agents exercises sole and exclusive control of all aircraft operating within the controlled airspace of the United States and of all airports with an operating control tower.

22. On July 17, 2018, **N16281** was operating within controlled airspace and was under the exclusive control and authority of the FAA through its officers, employees and agents. FAA controllers at Tamiami Airport Traffic Control Tower had access to radar data which identified **N16281**, its altitude, airspeed and aircraft make and model.

23. The United States, through its agency and/or instrumentality, the FAA, had a duty to **NS** to exercise due care to disseminate accurate and complete information.

24. The United States, through its agency and/or instrumentality, the FAA, had a duty to exercise due care to disseminate accurate traffic information and safety alerts to **N16281** during its flight.

25. On July 17, 2018 the **Defendant**, through its officers, employees, and agents at the FAA, including, but not limited to the Tamiami Airport traffic control tower, its controllers and their supervisors in radio and radar contact with **N16281**, carelessly and negligently failed to follow mandatory and applicable Federal Aviation Regulations ("FARS") and FAA procedures and orders governing flight services and air traffic control operations, and otherwise failed to provide adequate and proper air traffic control services to **N16281**, by among other things, failing to properly observe and disseminate accurate, complete and current information relevant and pertinent to **N16281**.

* MONTERO LAW CENTER *
100 SE 6th Street, Fort Lauderdale, FL 33301* TEL (954) 767-6500 * FAX (954) 766-2690

26. The negligent acts and omissions of the **Defendant**, through its agency and/or instrumentality, the FAA, caused and/or contributed to this fatal crash.

27. As a direct and proximate cause of the **Defendant's** failures, **N16281** crashed in the Everglades in Miami-Dade County, Florida, resulting in the death of **NS**.

28. The crash and any alleged damage or loss sustained by **Plaintiff** was caused in whole or in part by the careless, negligent or wrongful acts or omissions of the **Defendant**, through its agency and/or instrumentality, the FAA.

29. As a direct and proximate result of the crash, and consequent death of **NS**, Perry W. Hodges brings this action under the Federal Tort Claims Act and/or whatever law this Court deems appropriate, and claims all damages to which the Estate of **NISHA SEJWAL** is entitled pursuant to Section 768.21, Florida Statutes.

30. As a direct and proximate result of the wrongful death of **NS**, the **Decedent's Estate** has suffered the following damages:

    a. For the **Estate of NISHA SEJWAL**:

        1. Loss of prospective net accumulations of the estate reduced to present value.

        2. Funeral expenses due to **Decedent's** injuries and death which have become a charge against the estate.

    b. For the father of the decedent, **CHHOTU RAM SEJWAL**:

        1. Mental pain and suffering in the past and in the future.

        2. Any other damages which are recoverable pursuant to the Florida Wrongful Death Act or common law of the State of Florida.

    c. For the mother of the decedent, **SURESH**:

        1. Mental pain and suffering in the past and in the future.

* MONTERO LAW CENTER *
100 SE 6th Street, Fort Lauderdale, FL 33301* TEL (954) 767-6500 * FAX (954) 766-2690

2. Any other damages which are recoverable pursuant to the Florida Wrongful Death Act or common law of the State of Florida.

**WHEREFORE,** the Plaintiff, **PERRY W. HODGES, as Personal Representative of the ESTATE OF NISHA SEJWAL, deceased**, demands judgment against Defendant, **THE UNITED STATES OF AMERICA,** for damages, as set forth in Section 768.21, Florida Statutes, in a sum in excess of $75,000.00, together with the costs of suit, and such further relief as this Court deems just and proper.

Dated this **10th** day of **May**, 2019.

Respectfully submitted,

**MONTERO LAW CENTER**
Attorneys for Plaintiff
100 SE 6th Street
Ft. Lauderdale, Florida 33301
Tel: (954) 767-6500
Facsimile: (954) 766-2690

By:/s/*Hyram M. Montero*
**HYRAM M. MONTERO, P.A.**
Fla. Bar No. 339660
hmontero@monterolaw.com

- 6 -