UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-21893-GAYLES/OTAZO-REYES

**PERRY W. HODGES, et al.,**

          Plaintiffs,

**v.**

**UNITED STATES OF AMERICA,**

          Defendant.

_____/

<u>**ORDER**</u>

**THIS CAUSE** comes before the Court on the United States' Objections [ECF No. 94] to Magistrate Judge Otazo Reyes's Order [ECF No. 89] granting in part Plaintiffs' Joint *Daubert* Motion [ECF No. 64]. The United States objects to that part of the Order excluding opinions 2 and 2(i) of Mr. Baumheuter's Expert Report. The Court has reviewed the Objections and the record and is otherwise fully advised. For the reasons that follow, the Court overrules the Objections.

A party may file objections to a magistrate judge's non-dispositive pretrial order. Upon review, the district court is required to consider the objections and must set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation and internal quotation marks omitted). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Root ex rel. A.R. v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015) (citation and internal quotation marks omitted). "In the absence of a legal error, a district

court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citation omitted).

Here, the Court finds that Judge Otazo-Reyes's factual findings, made after an evidentiary hearing, are not clearly erroneous. Moreover, the Court finds that Judge Otazo-Reyes properly applied the *Daubert* requirements in finding that Mr. Baumheuter's methodology in forming opinions 2 and 2(i) is not reliable.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)  The United States' Objections [ECF No. 94] are OVERRULED.

(2)  Opinions 2 and 2(i) of the Expert Report are inadmissible to the extent they relate to the Cessna aircraft.[1]

(3)  Plaintiffs' Joint Motion to Strike Defendant's Reply to Plaintiffs' Joint Response to Defendant's Objections to the Magistrate's Order Re: Plaintiffs' *Daubert* Motion, and Plaintiffs' Joint Motion to File Sur-Reply to Defendant's Reply if Not Stricken [ECF No. 101] is DENIED as MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of April, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] Although not specifically stated in the Order, it is clear from the transcript of the hearing that Plaintiffs' challenge to opinions 2 and 2(i) only related to the Cessna aircraft involved in the mid-air collision. *See* [ECF No. 87 at 64:2-17].